**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN JUDE HOFFENBERG,  :  <br>  :  <br>  Plaintiff,  :  <br>  :  <br> v.  :  <br>  :  <br> UNITED STATES OF AMERICA,  :  <br>  :  <br>  Defendant.  :   | Civil Action No. 12-7026 (JBS) <br><br> **OPINION** |

This matter comes before the Court upon Plaintiff's motion seeking reinstatement of this matter to the transferor court's active docket. [Docket Item 6.] For the reasons expressed below, the motion will be denied.

The relevant background of this and other Plaintiff's matters in this District was already detailed in this Court's prior decision. [Docket Item 5.] Therefore, it shall suffice to state that, on October 12, 2012, Plaintiff commenced this action in the United States District Court for the District of Columbia ("District of Columbia") by submitting a 117-page pleading and an application to proceed in this matter in forma pauperis.[1] [Docket Item 1.]

---

[1] Plaintiff's instant pleading recited the challenges already dismissed by this Court in Hoffenberg v. USA, Civil Action No. 10-2788 (JBS) (D.N.J.), and indicated that it was a non-emergent, non-habeas action where Plaintiff was seeking to proceed in forma pauperis.

On October 18, 2012, the Clerk docketed the District of Columbia order directing transfer of the instant matter to this District; the transfer was executed on the basis of 28 U.S.C. § 1402(b).  [Docket Item 3.]  On November 19, 2012, this Court issued an order [Docket Item 5] directing administrative termination of this matter on the grounds of Plaintiff's failure to comply with the limited order of preclusion entered against him in Hoffenberg v. Grondolsky, Civil Action No. 09-4784 (RMB) (D.N.J.).[2]  The Court did not reach the res judicata issue. See id.

In response, Plaintiff submitted the motion at bar seeking reinstantement of this action to the District of Columbia's active docket.[3]  [Docket Item 6.]  This Court, however, is without a mandate to direct docketing of any action on the District of Columbia's docket.  In addition, the facts asserted by Plaintiff in this action, read in conjunction with the requirements of Section 1402(b) already detailed to him by the transferor court [Docket Item 3], provide this Court with no basis to direct re-transfer of this matter back to the District of Columbia.

---

[2] Pursuant to that order, Plaintiff was required to file a one-page single-sided application for leave to file a pleading in all Plaintiff's non-emergent, non-habeas civil actions where Plaintiff was seeking to proceed in forma pauperis.

[3] In alternative, Plaintiff requested re-transfer this matter back to the District of Columbia.

Therefore, Plaintiff's motion will be denied.  An appropriate Order accompanies this Opinion.

                                         s/ Jerome B. Simandle
                                        **JEROME B. SIMANDLE**
                                        **Chief Judge**
                                        **United States District Court**

Dated:  **December 21, 2012**