**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| STEVEN JUDE HOFFENBERG, | |
| Plaintiff, | Civil Action No. 12-7026 (JBS) |
| v. | |
| UNITED STATES OF AMERICA, | **OPINION** |
| Defendant. | |

This matter comes before the Court upon Plaintiff's motion titled, "Motion in extraordinary manifest constitutional error . . . whereby dockets 8 and 9 orders are void in the court's miscarriage of justice, by not deciding docket 7 the mandated final motion in this action." [Docket Item 10.]

The background of this and other Plaintiff's matters was already detailed in this Court's prior decision. [Docket Item 5.]

As relevant here, on October 12, 2012, Plaintiff commenced this action in the District of Columbia. [Docket Item 1.] The District of Columbia directed transfer of Plaintiff's action to this District. [Docket Item 3.] This Court examined Plaintiff's pleading and directed administrative termination on the grounds of Plaintiff's failure to comply with the limited order of preclusion entered against him. [Docket Item 5.] Plaintiff was informed that his compliance with the terms of that order would result in reopening of the instant matter. [See id. at 4.]

In response, Plaintiff moved for reinstantement of this action to the District of Columbia's active docket. [Docket Item 6.] The Court denied that motion. [Docket Items 8 and 9.]

By the time the Clerk entered said denial, Plaintiff filed another motion, titled "Motion in the courts extraordinary manifest constitutional error in the court having no jurisdiction and no venue . . . making the order docket 5 void, defective, vacated, in well settled law," asserting that he was not obligated to comply with the limited order of preclusion. [Docket Item 7.] He also maintained that the instant action (raising Federal Tort Claims Act challenges) should be deemed substantively different from his prior action, where this Court dismissed his Federal Tort Claims Act challenges, and the Court of Appeals affirmed. [See id.] The motion at bar followed. [Docket Item 10.] Here, Plaintiff asserted that the Court violated his rights by not ruling on his above-detailed motion within the three week period that took place between docketing of that motion and his execution of the motion at bar. [See id.]

Plaintiff's motion docketed as Docket Item 7 will be denied. Plaintiff is obligated to comply with the limited order of preclusion entered against him in Hoffenberg v. Grondolsky, Civil Action No. 09-4784 (RMB) (D.N.J.).[1] Pursuant to that order,

---

[1] Judge Bumb provided Plaintiff with a notice as to the terms of the intended order and, upon considering his response, found entry a limited order of preclusion warranted. See

Plaintiff must submit a one-page single-sided application seeking leave to file a pleading in every non-emergent, non-habeas civil action where he is proceeding in forma pauperis.  See id.  Here, he submitted a 117-page pleading.  [Docket Item 1.]  Since this matter was commenced in forma pauperis and raised no emergent non-habeas claims, he must file the requisite application summarizing his claims clearly and concisely.[2]

Therefore, Plaintiff's motion, Docket Item 7, will be denied.  Plaintiff's instant motion, Docket Item 10, will be dismissed as moot.

An appropriate Order accompanies this Opinion.

 s/ Jerome B. Simandle
**JEROME B. SIMANDLE
Chief Judge
United States District Court**

Dated:  **January 24, 2013**

---

Hoffenberg v. Grondolsky, Civil Action No. 09-4784 (RMB) (D.N.J.), Docket Items 84 and 90.

[2] To the extent Plaintiff is concerned that his instant Federal Tort Claims Act challenges are barred by res judicata (because of this Court's adjudication of his prior Federal Tort Claims Act challenges, and the Court of Appeals' affirmance of this Court's determinations), the Court already pointed out to Plaintiff that it did not reach the res judicata issue.  [See Docket Item 8, at 2.]  In the event Plaintiff files the requisite application summarizing his instant claims, this Court will analyze Plaintiff's instant claims against those adjudicated in his prior Federal Tort Claims Act action and will determine whether this matter is barred by the doctrine of res judicata.